**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KENDALL JAMAL SUMMERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4573** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "I"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Kendall Jamal Summers, is currently confined within the Eastern Louisiana Mental Health System as a result of proceedings in the Orleans Parish Criminal District Court. He filed the instant *pro se* and *in forma pauperis* federal civil rights action pursuant to 42 U.S.C. § 1983, suing the State of Louisiana and Orleans Parish Criminal District Judge Arthur Hunter. In the complaint, plaintiff states his claim as follows: "I have been false imprisonment and conspire and deprive me of due process of law."[1] In his prayer for relief, he states: "Ordering me immediate release from all state supervision that is unconstitutional the court impose probation upon me and being held in state custody and have not been convicted of any crime."[2]

With respect actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

---

[1] Rec. Doc. 1, p. 5.

[2] Rec. Doc. 1, p. 5.

28 U.S.C. § 1915(e)(2)(B).

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that this case be dismissed for the following reasons.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

First, plaintiff candidly acknowledges in his complaint that he previously filed a lawsuit dealing with these same facts or otherwise relating to his imprisonment.[4] That prior case was likewise a § 1983 complaint asserting a false imprisonment claim against Orleans Parish Criminal District Court Judge Arthur Hunter. That lawsuit was dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief. Summers v. Hunter, Civ. Action No. 13-1028, 2013 WL 1947276 (E.D. La. Apr. 19, 2013), adopted, 2013 WL 1934065 (E.D. La. May 9, 2013).[5] Because the instant lawsuit essentially duplicates that prior lawsuit, it should be dismissed as malicious.

Out of an abundance of caution, the Court further notes that, even if this complaint is not dismissed as malicious, it is still subject to dismissal on the following alternative grounds.

I. Failure to Request a Proper Form of Relief

First, although plaintiff filed this action on a form to be used by prisoners seeking relief pursuant to 42 U.S.C. § 1983, the relief he seeks simply cannot be granted in a federal civil rights action brought under that statute. Rather, where, as here, a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ

---

[4] Rec. Doc. 1, pp. 1-2.

[5] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).[6]

Further, to the extent that the instant complaint is construed in part as a petition seeking *habeas corpus* relief, plaintiff is not entitled to such relief. When an individual is confined pursuant to a state court judgment, he must first exhaust his remedies in the state courts before seeking *habeas corpus* relief in the federal courts. 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies in *habeas corpus* actions brought pursuant to § 2254); see also Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in *habeas corpus* actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same). Further, as the United States Fifth Circuit Court of Appeals has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before

---

[6] The Court notes that plaintiff in fact filed a federal *habeas corpus* petition in this Court in 2009. In that proceeding, United States District Judge Mary Ann Vial Lemmon noted:

> On June 17, 2003, petitioner, Kendall Summers ("Summers"), was charged in an indictment returned by the grand jury for the Criminal District Court of Orleans Parish, State of Louisiana with one count of attempted second-degree murder, in violation of Louisiana Revised Statutes §§ 14:27 and 14:30.1. On June 15, 2005, after a bench trial, Summers was found not guilty by reason of insanity. A contradictory hearing was held on August 26, 2004, and the court found Summers to be mentally ill and dangerous. Summers was committed to the care of the East Louisiana Mental Health System.

Summers v. Louisiana, Civ. Action No. 09-7213, at p. 1 (E.D. La. May 17, 2010). Judge Lemmon dismissed that application without prejudice because plaintiff had not exhausted his remedies in the state courts. However, an attachment to the instant complaint indicates that plaintiff may have thereafter been able to secure release in some fashion but was then later remanded back to the custody of the Eastern Louisiana Mental Health System.

> the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

This Court's legal research has located no decision from the Louisiana Supreme Court concerning plaintiff's confinement. Moreover, in a telephone call placed by this Court on June 5, 2013, the Clerk of the Louisiana Supreme Court confirmed that plaintiff has filed no writ applications whatsoever with that court. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's *habeas corpus* claims, those claims are not exhausted, and therefore federal *habeas corpus* relief is not warranted.

II. Failure to Name a Proper Defendant Under 42 U.S.C. § 1983

The Court further notes that it is unnecessary to allow plaintiff an opportunity to amend the complaint to request a different form of relief because the two named defendants simply cannot be held liable under 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

Clearly, the State of Louisiana is not a proper defendant in a § 1983 action for two reasons. First, a state is not a "person" subject to suit under § 1983. Will v. Michigan Department of State

Police, 491 U.S. 58, 66 (1989); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *3 (E.D. La. Jan. 21, 2010). Second, even if the State of Louisiana were otherwise a proper defendant, which it is not, it would still be protected against any § 1983 claim by the Eleventh Amendment. Unless a state has waived its immunity, the Eleventh Amendment bars the state's citizens from filing suit against the state in federal court for either monetary damages or injunctive relief. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002); Tyson, 2010 WL 360362, at *3. The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (quotation marks and citations omitted).

Orleans Parish Criminal District Court Judge Arthur Hunter likewise cannot be held liable for monetary damages under § 1983. His absolute judicial immunity would protect him from any such claim asserted against him in his *individual* capacity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Further, any such claim against him in his *official* capacity would be barred for two reasons. First, he is a state official, and a state official in

his official capacity is not considered a "person" amenable to suit under § 1983. Will, 491 U.S. at 71; see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Boyd v. Lasher, Civ. Action No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009). Second, because an official-capacity claim against him would in reality be a claim against the state itself, and any such claims would be barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

Judge Hunter would also be protected from a claim against him for injunctive relief under § 1983. As previously noted, that statute expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris, 2009 WL 382653, at *3; Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

## III. Heck

Lastly, the Court further notes that is likewise unnecessary to allow plaintiff an opportunity to amend the complaint to attempt to name a proper defendant. Even if a proper defendant were

named and an otherwise appropriate form of relief were sought, plaintiff's claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Because plaintiff's order of commitment remains outstanding, and because a finding by this Court in plaintiff's favor would necessarily imply the invalidity that order of commitment, Heck would currently bar a claim against any defendant in a § 1983 action. Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *4 (E.D. La. Jan. 11, 2010); see also Ring v. Appleton, 93 Fed. App'x 993 (7th Cir. 2004); Ruston v. Dallas County, Civ. Action No. 3:07-CV-1076, 2008 WL 958076, at *4 (N.D. Tex. Apr. 9, 2008), appeal dismissed, 320 Fed. App'x 262 (5th Cir. 2009); Baptiste v. Montana, No. CV 06-122, 2006 WL 2860590, at *3 (D. Mont. Oct. 2, 2006).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as malicious, frivolous, and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's federal *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** due to plaintiff's failure to exhaust his remedies in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this third day of July, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.